IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>JULIUS STOUDEMIRE,<br>  Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-220-SDG-RDC-1 |

## NON-FINAL REPORT AND RECOMMENDATION

This criminal case is before the Court on Defendant Julius Stoudemire's Motion to Dismiss Indictment for Due Process and Speedy Trial Violations (Pre-Indictment) [Doc.73]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

I. **Background**

The charges in this case stem from an alleged conspiracy to distribute methamphetamine. [Doc. 21 (First Superceding Indictment)]. According to the Government, Ms. Jennifer Deramus was visiting with Mr. Stoudemire, who was incarcerated at the United States Penitentiary ("USP") in Atlanta, on June 2,

2019. [Doc. 75 at 1-2]. Prison officials discovered a container near the area where the two were sitting during their social visit. The officials later confirmed methamphetamine and marijuana were concealed inside the container. [Doc. 75 at 1].

Mr. Stoudemire and Ms. Deramus were subsequently indicted by a federal grand jury and charged with the following offenses on June 17, 2020.[Doc. 1]. [1] In Count One, both co-defendants were charged with conspiring to possess at least 5 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Ms. Deramus was charged in Count Two with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). In Count Three, she was charged with violating 18 U.S.C. §§1791(a)(1) and (b)(1) which proscribe providing prohibited objects to a prison inmate or attempting to do so "in violation of a statute, and a rule and order issued under a statute." Both co-defendants were charged in Count Four pursuant to 18 U.S.C §§ 1791(a)(2) and (b)(1) with attempting to obtain the aforementioned methamphetamine; Ms. Deramus was alleged to have aided and abetted Mr. Stoudemire in violation of 18 U.S.C. §2. In the final Count, Ms. Deramus was charged with submitting a false writing in

---

[1] Although the grand jury returned a Superceding Indictment [Doc. 21] on June 21, 2020, the Defendant's motion concerns the timing of the filing of the original Indictment. [Doc. 1].

violation of 18 U.S.C. § 1001 (a)(3) based on the visitor's form she completed prior to her visit with Mr. Stoudemire.  All of these offenses were alleged to have occurred on the same day - June 2, 2019.

## II.     The parties' contentions

On January 28, 2021, Mr. Stoudemire filed a motion to dismiss the Indictment, contending that the Government's one year delay in bringing formal charges violated the Speedy Trial Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment and Rule 48(b) of the Federal Rules of Criminal Procedure. [Doc. 73].  He alleges he has been "greatly prejudiced" by the Government's tactical decision to delay its presentment to the grand jury because he is now unable to adequately prepare his defense.  [*Id*. at 2].  Mr. Stoudemire submits that because the Government "unjustifiably waited" to secure the Indictment, his reconciliation with his minor children has been negatively impacted. [*Id.*]. He also submits that an evidentiary hearing is required to allow him the opportunity to gather "all of the discovery relevant to this issue." [*Id.* at 4].

The Government filed a response opposing this motion. [Doc. 75].  It argues that the motion should be denied because Mr. Stoudemire failed to prove he has suffered actual prejudice or that the one year delay between the commission of the alleged offenses and the return of the Indictment was a

calculated attempt to gain a tactical advantage. [Doc. 75 at 4-5]. The Government also asserts that the motion is fatally flawed because the protections provided pursuant to the Speedy Trial Clause do not apply to allegations related to pre-indictment delay. [*Id.* at 3]. Additionally, it avers Mr. Stoudemire is not entitled to an evidentiary hearing because he failed to identify any specific allegations of actual prejudice in support of his Fifth Amendment Due Process claim. [*Id.* at 5].

Mr. Stoudemire filed a reply in response to the Government's pleading, claiming that he has suffered actual prejudice including the severe anxiety he has experienced related to his "pretrial arrest and post-trial potential imprisonment." [Doc. 77 at 2]. He also claims the Government's protracted investigation prevented him from transferring to another Bureau of Prison facility to participate in a rehabilitation program. [*Id.*]. As a result, he was required to remain confined in the USP where his potentially incriminating telephonic communications have been obtained by federal agents. [*Id.* at 3]. These adverse consequences, he maintains, support his due process claim and warrant dismissal of the pending Indictment.

Following review of these pleadings by the undersigned, Mr. Stoudemire's motion is now ripe for adjudication.

## III. <u>Legal Authority</u>

The Sixth Amendment's Speedy Trial Clause guarantees an accused the right to a public trial without unnecessary delay. *United States v. Clark,* 83 F. 3d 1350 (11th Cir. 1996). However, this Clause applies only *after* a defendant is arrested or indicted on a charge. <u>See</u> *United States v. Marion*, 404 U.S. 307, 313 (1971)(where the Supreme Court held that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused.'"). Thus, once an indictment has been returned, the protections provided in the Speedy Trial Clause are applicable. *Id.* at 313, 320–21; <u>See</u> <u>Also</u>, *United States v. Lovasco*, 431 U.S. 783, 788 (1977) ("[A]s far as the Speedy Trial Clause . . . is concerned, [pre-indictment] delay is wholly irrelevant"). This constitutional right has been codified in Rule 48(b) of the Federal Rules of Criminal Procedure. This rule provides that this Court "may dismiss an indictment, information or complaint if unnecessary delay occurs in presenting the charge to a grand jury; filing an information against a defendant; or bringing a defendant to trial." Fed. R. Crim. P. 48(b); *United States v. Edwards*, 577 F. 2d 883 (5th Cir. 1978).[2]

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

An accused is also provided protection from unnecessary delays in the prosecutorial process via the Due Process Clause of the Fifth Amendment. *United States v. Foxman*, 87 F.3d 1220 (11th Cir. 1996*);  United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986).  In order to establish a Due Process Clause violation based on pre-indictment delay, Mr. Stoudemire must show that (1) the delay actually prejudiced his defense; and (2)  that the United States deliberately delayed indictment to gain a tactical advantage over him. *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016). This standard, borne by Mr. Stoudemire, "is an exceedingly high one." *Butler*, 792 F.2d  at 1533. Further, he must "show that the loss impaired his ability to prove a meaningful defense." *Stoner  v. Graddick*, 751 F.2d  1535, 1544 (quoting *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982).

## IV. Discussion

The foundation of Mr. Stoudemire's claim that the Government's delay in securing the Indictment violated the Speedy Trial Clause is based solely on the investigation that preceded his indictment.  However, as previously noted, this Clause only applies following the arrest or indictment of a defendant. *Marion*, 404 U.S. at 321 . (This provision "has no application until the putative defendant in some way becomes the 'accused.'").  In the instant case, the grand jury returned an Indictment on June 17, 2020. [Doc. 1].  Mr. Stoudemire was arrested

6

on June 18, 2020. [Doc. 5]. Because Mr. Stoudemire's motion pertains to Government conduct that pre-dates his arrest and indictment, his reliance on the Speedy Trial Clause is misplaced.

Likewise, Mr. Stoudemire's reliance on Fed. R. Crim. P. 48(b) will not support his legal proposition. The Supreme Court has acknowledged that "prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt.  To impose a duty 'would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.'" *United States v. Lovasco*, 431 U.S. 783, 790 (1977);  quoting *United States v. Ewell*, 383  U.S. 116, 120 (1966). Rule 48(b) "vests much discretion in trial court, and dismissal is mandatory only if the defendant's constitutional rights have been violated." *United States v. Edwards*, 577 F.2d 883, 889 (5th Cir. 1978).

In the case at bar, the Government provided a detailed summary of the investigative protocol its agents adopted beginning with a forensic evaluation conducted by the Georgia Bureau of Investigation's Division of Forensic Sciences on  July 2, 1019,  an interview of co-defendant Deramus  conducted by FBI agents on November 1, 2019, receipt of recorded telephone calls between Mr. Stoudemire and Ms. Deramus in March, 2020 and receipt of official

documents confirming Mr. Stoudemire's prior drug-related convictions relevant to Count One of the Indictment. [Doc. 75 at 1-2]. Despite the ongoing COVID-19 pandemic, federal agents aggressively pursued formal charges by gathering incriminating evidence, reviewing Mr. Stoudemire's criminal history, securing statements from his co-defendant and presenting their findings to the Assistant United States Attorney. Mr. Stoudemire's claim that the Government seeks to blame the delay on the dire health crisis created by the global pandemic is belied by the record.

Further, Mr. Stoudemire has failed to identity any specific harm to substantiate his allegation that he suffered "actual prejudice" from the delay. The fact that he has been physically separated from his children since his arrest, suffers from anxiety, was unable to participate in a rehabilitation program and may have made incriminating statements while incarcerated, fails to establish he is somehow prevented from mounting a defense to the pending charges. These circumstances, which likely occur in nearly every federal criminal prosecution, fall short of the type of harm that constitutes a due process violation. See *Butler*, 792 F.2d at 1533–34 ("Speculative allegations, such as general allegation of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required.'") (citation omitted); See Also *United States v. Munoz*, No. 1:18-CR-234, 2020 WL 4484510, at *3 (N.D. Ga. Feb. 11, 2020) (explaining

that the defendant's allegations that witnesses may be difficult to locate or that memories will have faded with time were "far too generalized to meet his burden of showing actual substantial prejudice"). Moreover, Mr. Stoudemire has failed to prove the Government intentionally stalled its investigation into his alleged misconduct in order to gain a tactical advantage; a burden he must carry to establish a constitutional violation. See *Butler*, 792 F.2d at 1533.

This Court also finds that Mr. Stoudemire is not entitled to an evidentiary hearing. Because he has failed to identify any specific allegations to support his due process claim, he has not made a *prima facia* showing that he was actually prejudiced by the delay. *Farias*, 836 F.3d at 1325; *Munoz*, 2020 WL 4484510, at *5 (denying request for evidentiary hearing on due process claim "due to the absence of a prima facie showing that [the defendant] was actually prejudiced by the delay in charging him in this case or that the government purposefully delayed indicting him to gain a tactical advantage); See Also, *Blalock v. United States*, 844 F.2d 1546, 1551 (11th Cir. 1988) (noting that a defendant must establish a *prima facie* case of improper disclosure of grand-jury matters to obtain an evidentiary hearing on such a claim). Thus, an evidentiary hearing is not required.

## IV. Conclusion

Based on the foregoing reasons, the undersigned **RECOMMENDS** that

Mr. Stoudemire's Motion to Dismiss Indictment [Doc. 71] be **DENIED**.

Having now addressed all referred pretrial matters relating to Mr. Stoudemire and having not been advised of any impediments to the scheduling of a trial as to him, this case is **CERTIFIED READY FOR TRIAL** as to Mr. Stoudemire.

IT IS SO RECOMMENDED this 5th day of April 2021.

_R. Cannon_
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE