# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JULIUS STOUDEMIRE,
    Defendant.

Criminal Action No.
1:20-cr-00220-SDG-RDC-1

## ORDER

This matter is before the Court for consideration of the Non-Final Report and Recommendation entered by United States Magistrate Judge Regina D. Cannon [ECF 84] (the R&R), which recommends that Defendant Julius Stoudemire's Motion to Dismiss Indictment for Due Process and Speedy Trial Violations (Pre-Indictment) [ECF 73] be denied. Stoudemire objected to the R&R [ECF 88]. The Court **OVERRULES** those objections and **ADOPTS** the R&R [ECF 84] as the order of this Court.

## I.   Background

Stoudemire was initially indicted on June 17, 2020, and arrested the following day.[1] A superseding indictment was issued on July 21, 2020, containing substantially the same allegations against Stoudemire as the original indictment.[2] Count One of the superseding indictment charged that, starting on an unknown

---

[1]   ECF 1; ECF 5.

[2]   *Compare* ECF 1 *with* ECF 21.

date and continuing through June 2, 2019, Stoudemire and his co-defendant conspired to knowingly and intentionally distribute and possess with the intent to distribute at least five grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[3] Count Four charged that Stoudemire (while an inmate at USP-Atlanta), and aided and abetted by his co-defendant, possessed, obtained, or attempted to obtain methamphetamine in violation of 18 U.S.C. §§ 1791(a)(2), 1791(b)(1), and 2.[4]

On January 28, 2021, Stoudemire moved to dismiss the indictment based on alleged violations of his speedy trial and due process rights.[5] The government opposed the motion on February 23,[6] and Stoudemire replied on March 2.[7] On April 5, Judge Cannon recommended that Stoudemire's motion be denied.[8] On April 19, Stoudemire objected to the R&R.[9] The R&R, and Stoudemire's objection to it, are now ripe for consideration.

---

[3] ECF 21, at 1.

[4] *Id.* at 3. Counts Two, Three, and Five of the superseding indictment assert charges only against Stoudemire's co-defendant. *Id.* at 2–3.

[5] ECF 73.

[6] ECF 75.

[7] ECF 77.

[8] ECF 84.

[9] ECF 88.

## II. Applicable Law

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009); Fed R. Crim P. 59(b)(2). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990); Fed. R. Crim. P. 59(b)(3). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). "Frivolous, conclusive, or general objections need not be considered . . . ." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III. Discussion

Stoudemire fails to assert any basis whatsoever for his objections to Judge Cannon's well-reasoned R&R. He simply "incorporates by reference all previously filed motions and briefs relating to his motion to dismiss."[10] This is precisely the type of frivolous, conclusive, and general objection the Court is not required to

---

10   *Id.* at 1.

consider and would be justified in rejecting outright. *Schultz*, 565 F.3d at 1361. Despite that, the Court has conducted a *de novo* review and finds no error. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

### a. Speedy Trial

Stoudemire officially bases his speedy trial claim on the Sixth Amendment, but also raises Fed. R. Crim. P 48 as a ground for dismissal of the indictment.[11] He asserts that the government began its investigation on June 2, 2019, when the events leading to his indictment purportedly occurred.[12] Despite this, Stoudemire argues that the government "tactically chose not to charge" him until after he had been released from USP-Atlanta.[13] Since (in his view) his "alleged participation [in the offenses] is indirect at best," "his ability to mount [a] defense [a] year later [is] practically impossible."[14] He does not, however, provide any description of how the delay has created any prejudice to his ability to defend himself. Rather, his motion suggests only potential effects on his ability to maintain joint custody of his children and to provide support to his family.[15] Stoudemire also asserts that

---

[11]  *Id.* at 2.

[12]  *Id.* at 3.

[13]  *Id.* at 3–4.

[14]  *Id.* at 4.

[15]  *Id.* at 2.

he does not have all of the discovery relevant to this issue.[16] But he fails to identify any information to which he does not have access.

The government points out that the Sixth Amendment's speedy trial clause applies only after a defendant has been arrested or indicted, so Stoudemire is not entitled to avail himself of that protection here.[17] The magistrate judge agreed with this accurate statement of the law.[18] Stoudemire's Sixth Amendment and Rule 48 arguments are therefore non-starters.

The Supreme Court long ago held that "the Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused.'" *United States v. Marion*, 404 U.S. 307, 313 (1971). This means "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *Id.* at 320. *See also United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986) (citing, *inter alia*, *Marion*). Stoudemire, however, complains only about pre-indictment/arrest delay.[19] But the speedy trial clause of the Sixth Amendment simply does not apply to "the period prior to

---

[16]  *Id.* at 4.

[17]  ECF 75, at 3 (citing *United States v. Lovasco*, 431 U.S. 783, 788 (1977); *United States v. Marion*, 404 U.S. 307, 320–21 (1971); *United States v. Gayden*, 977 F.3d 1146, 1150 n.1 (11th Cir. 2020)).

[18]  ECF 84, at 5–7.

[19]  *See generally* ECF 73; ECF 77.

arrest"—regardless of the length of the delay at issue. *Marion*, 404 U.S. at 321. *See also United States v. Lovasco*, 431 U.S. 783, 788–89 (1977) ("[A]s far as the Speedy Trial Clause of the Sixth Amendment is concerned, such delay is wholly irrelevant, since . . . only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision.") (quoting *Marion*, 404 U.S. at 320) (second omission in original); *Stoner v. Graddick*, 751 F.2d 1535, 1541 (11th Cir. 1985) (per curiam) ("[T]he Speedy Trial Clause is inapplicable where, as here, the delay concerns a period of time prior to indictment, information, or arrest."). Instead, statutes of limitation are the main source of protection for defendants against prejudice that may result from the passage of time between the commission of an alleged criminal offense and arrest or indictment. *Lovasco*, 431 U.S. at 789; *Marion*, 404 U.S. at 322, 323.

Likewise, Rule 48—which permits a court to dismiss an indictment if there is unnecessary delay in presenting a charge to a grand jury or bringing a defendant to trial—is "limited to post-arrest situations." Fed. R. Crim. P. 48(b)(1), (3); *Marion*, 404 U.S. at 320 (citations omitted). Dismissal of an indictment under this rule is required only when the defendant's constitutional rights have been violated. *United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009); *Butler*, 792 F.2d at 1533.

Since there was no such violation here, the rule is inapplicable. Thus, the R&R correctly declined to recommend dismissal of the indictment on this basis.[20]

### b. Due Process

Stoudemire asserts that, rather than being prosecuted immediately in June 2019 when the offenses with which he has been charged were allegedly committed, the government "unjustifiably waited" over a year to indict—after he had been released from custody and obtained joint custody of his children.[21] He contends this "tactical decision" has unfairly prejudiced his ability to present a defense.[22] He further argues that he has suffered "severe anxiety and concern" about his arrest and potential imprisonment.[23] And, as a result of the investigation of his alleged conduct, he was unable to participate in a residential drug abuse program into which he had been accepted.[24] Stoudemire claims his transfer to that program was denied "so that the government could continue to hold [him] and seek to gather evidence against him."[25]

---

[20]   ECF 84, at 7.

[21]   ECF 73, at 2.

[22]   *Id.*

[23]   ECF 77, at 2.

[24]   *Id.* at 2–3.

[25]   *Id.* at 3.

As noted above, statutes of limitation are the primary form of protection for defendants from excessive delay before indictment or arrest. "When the statute of limitations is constitutional, the Constitution places a very heavy burden on a defendant to show that pre-indictment delay has offended due process." *Stoner*, 751 F.2d at 1540. However, the Due Process Clause can require dismissal of an indictment if the delay causes a defendant "substantial prejudice" and "was an intentional device to gain tactical advantage over the accused." *Marion*, 404 U.S. at 324 (citations omitted). *See also United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016) (same); *Knight*, 562 F.3d at 1325; *Butler*, 792 F.2d at 1533 (noting that, to establish a due process violation, a defendant must show (1) actual prejudice and (2) "deliberate action by the government designed to gain a tactical advantage"). Delay alone is insufficient to establish prejudice. *Butler*, 792 F.2d at 1533; *Stoner*, 751 F.2d at 1544.

### i. Prejudice

Stoudemire does not assert that the applicable statutes of limitations are unconstitutional. He thus faces a "heavy burden" to establish his due process claim. The government argues that Stoudemire has failed to explain *how* his ability to defend himself was allegedly affected by the delay in his indictment.[26] The Court finds that Stoudemire's speculation about the "practical[ ] impossib[ility]"

---

[26] ECF 75, at 4.

of defending himself is insufficient to establish actual prejudice.[27] *Butler*, 792 F.2d at 1533.

Although he identifies other ways in which he has allegedly been prejudiced (*i.e.*, anxiety, separation from his children, inability to participate in the rehabilitation program), he does not point to specific evidence he can no longer obtain that is relevant to his defense. *Stoner*, 751 F.2d at 1544. *See also United States v. Marshall*, 360 F. App'x 24, 25–26 (11th Cir. 2010) (finding no prejudice where defendant offers "merely speculative" claims); *United States v. Munoz*, Crim. A. No. 1:18-cr-234-TWT-JKL, 2020 WL 4484510, at *3 (Feb. 11, 2020) (assertions that witnesses may be difficult to locate or memories will have faded are too speculative to establish prejudice) (citations omitted), *report and recommendation adopted at* 2020 WL 4464632 (N.D. Ga. Aug. 4, 2020).

### ii. Tactical advantage

The government argues that Stoudemire has not pointed to anything suggesting it engaged in deliberate conduct to gain a tactical advantage against him.[28] Stoudemire *does* assert that the government continued to hold him (on separate charges) so that it could "gather evidence against him" and that it now seeks to use against him recordings of calls made while he was still being

---

[27] ECF 73, at 4.

[28] ECF 75, at 5.

held.[29] This bare speculation about the government's motives is not sufficient to carry his burden, however. *See, e.g.*, *Munoz*, 2020 WL 4484510, at *4 ("Even if Munoz is correct that the government had enough evidence to charge him but nevertheless delayed indicting him because it wished to continue investigating the case, such a decision does not reflect a bad faith or deliberate choice to gain a tactical advantage at trial."). As the R&R notes,

> The fact that [Stoudemire] has been physically separated from his children since his arrest, suffers from anxiety, was unable to participate in a rehabilitation program and may have made incriminating statements while incarcerated, fails to establish he is somehow prevented from mounting a defense to the pending charges. These circumstances, which likely occur in nearly every federal criminal prosecution, fall short of the type of harm that constitutes a due process violation.[30]

What's more, the government explains the course of its investigation and the reasons for the time between the underlying events and Stoudemire's indictment.[31] This included an interview with Stoudemire's co-defendant; obtaining recordings of calls between those two; and receiving copies of information related to certain of Stoudemire's prior convictions.[32] On top of that,

---

[29] ECF 77, at 3.

[30] ECF 84, at 8.

[31] *See* ECF 75, at 1–2.

[32] *Id. See also* ECF 84, at 7–8.

grand jury proceedings were suspended from March 16 through May 29, 2020 pursuant to the Court's General Orders issued in light of the COVID-19 pandemic.[33] The original indictment was presented to and returned by the grand jury less than three weeks after proceedings were permitted to resume.[34] "There is no constitutional right to be arrested," and "[l]aw enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause." *Marion*, 404 U.S. at 325 n.18 (cleaned up). Given that the government's investigation was well within the confines of the statutes of limitations, Stoudemire has not identified anything establishing a violation of his due process rights because of the amount of time it took for that investigation to be completed.

Finally, the R&R correctly concluded that Stoudemire was not entitled to an evidentiary hearing because he did not identify any actual prejudice in support of his due process claim.[35] There was no error in that conclusion. *Farias*, 836 F.3d at 1325 (defendant was not entitled to evidentiary hearing when he "made absolutely no showing that the pre-indictment delay was the product of deliberate design by the government to gain a tactical advantage over him").

---

[33] ECF 75, at 2.

[34] *Id.* at 3.

[35] ECF 84, at 9.

**IV.     Conclusion**

Stoudemire's objections are **OVERRULED**. The Non-Final Report and Recommendation [ECF 84] is **ADOPTED** as the **ORDER** of this Court. As previously noticed, **TRIAL** in this case is set for August 11, 2021 [ECF 87].

**SO ORDERED** this the 14th day of May 2021.

Steven D. Grimberg
United States District Court Judge