## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JULIUS STOUDEMIRE and<br>JENNIFER DERAMUS | Criminal Action No.<br>1:20-cr-0220-SDG<br>**REDACTED PORTIONS**<br>**FILED UNDER SEAL** |

### OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion to Compel Discovery [ECF 159]. On October 27, 2021, the Court **DENIED** Defendants' motion from the bench. This order further sets forth the reasoning for that decision.

### I.  Factual Background

On July 21, 2020, Defendants Julius Stoudemire and Jennifer Deramus were charged in a five count superseding indictment. Both Defendants were charged with conspiring to distribute a controlled substance (*i.e.*, methamphetamine) on June 2, 2019. Deramus was individually charged with possession with intent to distribute; attempting to provide a prohibited object (the controlled substance) to an inmate at USP-Atlanta; and knowingly using a false document. Stoudemire was individually charged with attempting to receive a prohibited object while an inmate at USP-Atlanta.[1] Among the statements Deramus eventually made to the

---

[1]  ECF 21 (Superseding Indictment). Stoudemire subsequently pled guilty to Count IV of the Superseding Indictment pursuant to a plea agreement. ECF 192; ECF 193.

Government is that she picked up a stack of paper towels from the bathroom in the visitors' area at USP-Atlanta that concealed the package with the controlled substance, unknowingly transporting it from the bathroom to the area where she was sitting with Stoudemire.[2]

## II.   Defendants' Motion to Compel

Defendants filed the instant Motion to Compel on September 29, 2021.[3] Defendants assert that they have learned of an investigation by the federal government of "systematic" security breaches at USP-Atlanta involving staff members, but that the Government failed to provide them with the information necessary to allow them to investigate and use this information as part of their defense.[4] Defendants further contend that an August 11, 2021 memorandum issued by the Office of the Inspector General of the Department of Justice (OIG) details various "security lapses at a BOP [Bureau of Prisons] facility identified as Atlanta USP."[5] Therefore, pursuant to *Brady* and Fed. R. Crim. P. 16, Defendants requested that the Government produce the following documents as they relate to USP-Atlanta:

---

[2]   ECF 160, at 2.

[3]   ECF 159.

[4]   *Id.* at 1.

[5]   *Id.* at 2.

1. All videos showing BOP Staff walking around the metal detector;

2. All reports of interviews, recordings of interviews, witness statements, investigative memos, and other items which identify the date and time these security breaches took place and the BOP personnel involved (whether they themselves walked around the metal detectors, or had knowledge of others doing so); and

3. All reports of interviews, recordings of interviews, witness statements, investigative memos, and other items which lead the OIG to be concerned that these incidents present "systemic concerns."[6]

The Government declined to produce the materials,[7] and ultimately filed an opposition to the Motion to Compel.[8]

Defendants make several arguments in support of their motion to compel. First, Defendants assert that they have a good-faith basis to link the facility at issue in the OIG memorandum to USP-Atlanta.[9] Second, Defendants contend that *Brady* requires the Government to disclose information in the OIG's possession because the OIG is part of the Government's prosecution team.[10] Third, Defendants assert

---

[6]   *Id.* at 2–3; ECF 159-2.

[7]   ECF 159, at 3; ECF 159-3.

[8]   ECF 160.

[9]   ECF 159, at 3–5.

[10]   *Id.* at 5–7.

that the BOP is also part of the prosecution team.[11] Finally, Defendants argue that the documents are relevant to their defenses.[12]

In opposing Defendants' motion, the Government represents that the prosecution team does not have possession, custody, or control of the materials Defendants seek.[13] It asserts that Defendants' request is improper under Rule 16 and *Brady* because neither the BOP nor the OIG are part of the "prosecution team."[14] The Government further argues that Defendants' request is substantively improper under *Brady* since it is not a discovery device and under Rule 16 because Defendants have not met their burden.[15] Finally, the Government separately noted that it has been unable to find "any publicly available documentation identifying the facility [discussed in the OIG memorandum] as USP-Atlanta."[16] Defendants filed a reply in support of their motion.[17]

---

[11]   *Id.* at 7.

[12]   *Id.* at 7–8.

[13]   ECF 160, at 6, 7–9.

[14]   *Id.* at 9–14.

[15]   *Id.* at 14–17.

[16]   ECF 159, at 3.

[17]   ECF 163.

## III.   Applicable Legal Standard

Under Rule 16(a)(1)(E), upon request, the Government is required to permit Defendants to inspect and copy materials that are within its possession, custody, or control if the documents are (among other things) (i) material to Defendants' preparation of their defenses or (ii) the Government intends to use the documents in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E)(i), (ii). *See also Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

## IV.   Discussion

### a.   The Prosecution Team

#### *i.*   The OIG

The Government represents that the June 2, 2019 incident involving Defendants was investigated by the FBI and an officer of the BOP who was acting on behalf of the FBI.[18] They worked with the prosecutors assigned to this case, thereby comprising the prosecution team.[19] The Government further represents that the OIG is not part of the prosecution team.[20] Defendants respond that the

---

18   ECF 160, at 2–3.

19   *Id.* at 3.

20   *Id.* at 3–4.

Government is obligated to produce documents from the OIG because the OIG cooperated with the prosecution team.[21] Defendants also argue that the OIG is not a separate agency—rather, it is part of the Government's "prosecutorial wing."[22]

The Court concludes that the OIG is not part of the prosecution team. There is no indication that the OIG cooperated with or participated in the criminal investigation of Defendants, or that anyone from the OIG was acting as an agent of the prosecution team at any time.[23] There is no support for Defendants' suggestion that, just because the OIG is a component of the Department of Justice, the OIG is necessarily part of the prosecution team for discovery purposes.[24]

> ### ii.    The BOP

Although USP-Atlanta (and, by extension, the BOP) conducted an administrative investigation of the incident (through its Special Investigative Section (SIS)), the Government asserts in its opposition brief that USP-Atlanta did not participate in the FBI's criminal investigation of Defendants.[25] The Government also argues that the prosecution team has "not had joint meetings with any USP-Atlanta employees, ha[s] not pooled resources, and ha[s] not

---

[21]    ECF 159, at 5–6.

[22]    *Id.* at 6–7.

[23]    *See, e.g.*, ECF 160, at 9–10.

[24]    ECF 159, at 6–7.

[25]    ECF 160, at 4, 14 n.9.

discussed the investigation or prosecution strategy."[26] Notwithstanding, the Government has since conceded that Officer Lavell Monroig — who recovered the contraband at issue here — is "technically" part of the SIS and is an anticipated trial witness. The Government argues, however, that Officer Monroig did not "participate in any investigations carried out by the [SIS] and was not acting on behalf of the [SIS] when he recovered the contraband in this case."

Although Defendants assert that the BOP "is an integral part" of the prosecution team,[27] the Court finds it unnecessary to reach this issue. There is no indication that the BOP has or ever had possession, custody, or control of any of the materials covered by Defendants' request to the Government.

### b.   The OIG Memorandum

The Government asserts that the prosecution team does not have access to any information related to the OIG memorandum or investigation.[28] Based on the Government's inquiries, however, counsel for the OIG agreed to provide the Court with certain information on an *ex parte*, *in camera* basis.[29]

---

[26]   *Id.* at 5.

[27]   ECF 159, at 7.

[28]   ECF 160, at 6.

[29]   *Id.*



## V.   Conclusion

For the foregoing reasons, Defendants' Joint Motion to Compel [ECF 159] is

**DENIED**.

**SO ORDERED** this the 9th day of November 2021.

Steven D. Grimberg
United States District Court Judge